UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

DARRIN T. WEBB

v.                                          )    No. 1:07-cv-254/1:04-cr-188 & 1:04-cr-186
                                            )    *Edgar*
UNITED STATES OF AMERICA        )

**MEMORANDUM**

Proceeding *pro se*, Darrin T. Webb ("Webb"), has filed a motion for post-conviction relief

under 28 U.S.C. § 2255, attacking his 2005 conviction in Criminal Case Number 1:04-cr-188 for

Aiding and Abetting Extortion in violation of 18 U.S.C. §§ 1951 and 2, and his resulting 48-month

sentence.[1]  (Court File # 258).  Relying on  *United States v. Brock et. al,* 501 F.3d 762 (2007), a

decision by the Court of Appeals for the Sixth Circuit which reversed the Hobbs Act convictions of

his two codefendants, Webb first contends that his actions, like those of his codefedants, did not

constitute a Hobbs Act violation and that he, therefore, is actually innocent.[2]  Webb's second claim,

a companion to the prior claim, is that his trial counsel gave him ineffective assistance by failing to

argue that his client's actions did not violate the Hobbs Act.

---

[1]     This conviction (conspiracy to commit extortion in violation of the Hobbs Act)
will be referred to as the Hobbs Act conviction for purposes of this memorandum opinion and
judgment

[2]     In the same judgment order, but under a different case number [*i.e.*, 1:04-cr-186],
Webb was also convicted for Distribution of Information Relating to Destructive Devices, a
violation of 18 U.S.C. §§ 842(p)(2)(A) & (B) and 844(a)(2)).  His Hobbs Act sentence was run
concurrently with the 48-month term he received for the other conviction.  Webb is only
challenging his Hobbs Act conviction and sentence in case number 1:04-cr-188.

The government concedes that Webb's Hobbs Act conviction and sentence should be vacated and that he should be resentenced. The government contends that dismissing the Hobbs Act conviction renders moot the ineffective assistance of counsel claim, but that it opposes that claim if it does not become moot.

After reviewing the parties' filings, the relevant law, and the record, the Court concludes the motion will be **GRANTED IN PART AND DENIED IN PART**. The judgment of conviction entered against Webb on October 5, 2005, will be **AMENDED** and **CORRECTED** to the following limited extent. The Hobbs Act conviction and sentence in criminal case number 1:04-cr-188 will be **VACATED** and the Clerk will be **ORDERED** to reimburse Webb the full amount of the special assessment which he has paid.[3] Webb's sentence will be corrected and recalculated to exclude that portion of the sentence based on Court Two *i.e.*, the Hobbs Act conviction.

## I. 28 U.S.C. § 2255 - Standard of Review

A federal prisoner may file a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence upon the ground that the sentence was imposed in violation of the United States Constitution. To obtain relief under § 2255 , the movant bears the burden of establishing an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir.2003); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir.1999). "To prevail under 28 U.S.C. § 2255, a defendant must show a fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due

---

[3]    According to the Clerk's office, Webb has paid the $100.00 special assessment in full in accordance with 18 U.S.C. §§ 3013 and 3611.

process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir.1994) (internal quotation omitted).

## II.    Procedural Background

On February 9, 2005, a superseding indictment was filed in criminal case number 1:04-cr-188 adding Webb as a defendant (The original indictment did not name Webb as a defendant; it only named Gary Michael Brock and his brother, Jerry Giles Brock).  A second superseding indictment was filed the next month, charging that in September of 2003, Webb affected interstate commerce by extortion, as defined in 18 U.S.C. § 1951(b)(2), by paying a bribe to a Deputy Clerk of the General Sessions Court of Hamilton County, Tennessee in violation of 18 U.S.C. §§ 1951 and 2.

A federal jury convicted Webb of illegally distributing information relating to a destructive device in criminal case number 1:04-cr-186, and he later pleaded guilty to violating the Hobbs Act in criminal case number 1:04-cr-188.  The Court heard extensive testimony about Webb's additional criminal activity, and determined that a sentence within the advisory guidelines range of 27-33 months was insufficient to deter criminal conduct.  The Court imposed a 48-month sentence on each conviction to run concurrently, and two concurrent three-year terms of supervised release.

Webb  filed a direct appeal claiming the Court improperly disqualified his original attorney from representing him, and that the Court improperly sentenced him.  The Court of Appeals for the Sixth Circuit, finding no error, affirmed Webb's conviction and sentence on September 6, 2007. *United States v. Brock et. al.*, 501 F.3d 762 (6th Cir. 2007).  Webb filed this instant § 2255 motion on October 16, 2007.  Because Webb is only challenging his Hobbs Act conviction, the Court's discussion will be limited to that conviction, to the extent possible.

## III.    Factual Background

The pertinent facts are taken from the Presentence Investigation Report ("PSI").  Webb's

codefendant, Mike Brock, directed him to Scott Simcox, who was employed as a clerk with the Hamilton County Sessions Court Clerk's Office, as a person who could take care of some traffic citations. Webb paid Simcox $1,000.00 on September 6, 2003, in exchange for Simcox deleting, from the Sessions Court computer system, several traffic citations issued to Webb's girlfriend (PSI, pp. 5-6).

## IV. Defendant's § 2255 Claims

In his § 2255 motion, Webb raises two claims for relief: (1) actual innocence and (2) ineffective assistance of counsel.

### A. *Actual Innocence of the Hobbs Act conviction and sentence*

Unlike his co-defendants, Webb did not challenge his Hobbs Act conviction on direct appeal. However, he argues that *Brock*, which held that bribing a state-court clerk is not a Hobbs Act conspiracy violation, supports his position that his Hobbs Act conviction should be vacated and set aside because he presently stands convicted for conduct which does not amount to a criminal violation under 18 U.S.C. §§ 1951(b)(2) and 2. The Court agrees, and the government concedes that Webb's Hobbs Act conviction should be dismissed and that he should be resentenced.[4]

Webb and his codefendants filed a direct appeal following their convictions. Webb's co-defendants challenged their convictions for conspiracy to commit extortion in violation of the Hobbs Act arguing their conduct did not violate the Hobbs Act—Webb initially raised this claim (prior to his guilty plea) in relation to Count One of the superseding indictment but abandoned it after this

---

[4] Additionally, the government advises Webb that he faces revocation based upon his guilty plea in state court to bribing the General Sessions clerk and that the United States is not bound by its prior letter agreement in connection with the original revocation, which was part of the defendant's plea to the Hobbs Act charge.

4

Court denied his motion to dismiss Count One (Criminal Court File No. 1:04-cr-188, Court File No. 161). The Sixth Circuit addressed the issue of whether conspiracy to commit extortion extends to bribing a state-court clerk to prevent bail bonds from being collected when criminal defendants fail to appear in court. Although Webb's scheme was different from that of his codefendants, as his scheme was to bribe a state-court clerk to erase several of his girlfriend's traffic citations, the Sixth Circuit's reasoning and conclusion are equally applicable to his Hobbs Act conviction.

In *Brock*, the Sixth Circuit explained that Webb's codefendants did not commit a substantive act of extortion. Likewise, the parties before this Court agree that Webb did not commit a substantive act of extortion as he "did not 'obtain[] ... property from another' person ... [a]nd [he is] not [a] public official[] and thus could not have obtained any property 'under color of official right,' ...and did not otherwise use 'actual or threatened force, violence, or fear' in the course of this bribery scheme[.]" *Brock,* 501 F.3d at 767 (internal citations omitted).

The Sixth Circuit further explained that Webb's codefendants and Simcox did not conspire to commit extortion because the Hobbs Act defines extortion as an act involving a public official "obtaining [] property of another with his consent ... under color of official rights." *Id.* at 767. To be covered by the statute, the Sixth Circuit explained that Webb's codefendants and Simcox must have formed an agreement to obtain property from another, *i.e.*, someone outside the conspiracy. This is something which did not occur in the Brocks and Simcox scheme, and, likewise, it did not occur with the scheme involving Webb and Simcox. The Court observed that "[t]he Hobbs Act is meant to prohibit public officials from obtaining property from others by extortion. . . . [and that] sweeping the Brocks within its coverage through a conspiracy theory effectively transforms the Act into a prohibition on paying bribes to public officials." *Id.* at 768. The Court emphasized that the

5

Hobbs Act requires the conspirators to extort property from another with his consent and such a requirement necessarily excludes the conspirators own property or their own consent.

The Sixth Circuit held that a conspiracy to commit extortion under the Hobbs Act does not extend to the bribing of a state-court clerk because the statute requires the alleged conspirators to reach an agreement to obtain property from another outside the conspiracy. No agreement among the conspirators to obtain property from another was found as no other person was involved.

Thus, the Sixth Circuit concluded that a payor of a bribe to a state official cannot conspire with that official to extort money from himself (the payor) in violation of the Hobbs Act. This Court, applying that reasoning to Webb's case, likewise concludes that his conviction must be vacated since the object of the extortion conspiracy at issue was to extort his cash payment, not to extort property from an unrelated entity outside of the conspiracy.

Put simply, bribery of a state-court clerk is not extortion under the Hobbs Act. As a matter of law, it is impossible for the government to establish that Webb violated 18 U.S.C. §§ 1951 and 2, and his plea to such a violation is invalid. *Waucaush v. United States*, 380 F.3d 251, 258-59 (6th Cir. 2004) ("[T]his type of misunderstanding—a misconception about [a] statute's legal scope that results in the defendant pleading guilty to conduct which was not a crime—typifies an unintelligent guilty plea[,] . . . as a guilty plea 'cannot be truly voluntary unless the defendant possesses an understanding of the law *in relation to the facts*.'"(quoting *Boykin v. Alabama*, 395 U.S. 238, 243 n. 5 (1969) (emphasis in original). *See also Bousley v. United States,* 523 U.S. 614, 618-19 (1998) (finding that if the contention [that neither the petitioner nor counsel nor the court correctly understood the essential elements of the crime of which he was charged] were proved, "petitioner's plea would be . . . constitutionally invalid"). Since the facts to which Webb pleaded guilty do not

state a Hobbs Act violation, his conviction is unconstitutional and he is actually innocent of violating 18 U.S.C. §§ 1951(b)(2) and 2.

Accordingly, the holding in *Brock* does not permit Webb's Hobbs Act conviction or sentence to stand and, thus, the Court will **VACATE and SET ASIDE** the judgment of that conviction.

### B.      *Ineffective Assistance of Counsel*

Webb's second claim is that his lawyer rendered ineffective assistance by failing to know and argue that his actions did not constitute a Hobbs Act crime.   Webb asserts he would not have pleaded guilty to the Hobbs Act crime but for counsel' erroneous advice.  The government asserts this claim is moot if Webb's Hobbs Act conviction and sentence are vacated.  The Court agrees that setting aside Webb's Hobbs Act conviction renders this claim moot.

Even if the claim were not moot, it is groundless.  As with any § 2255 claim, the burden of proving ineffective assistance of counsel is on the movant.  *Owen v. United States*, 660 F.2d 696, 702 (6th Cir. 1981) ("In a collateral proceeding, the burden of proof [is] upon the petitioner to establish that his constitutional rights were violated").  A claim of ineffective assistance of counsel requires proof that counsel's handling of the case failed to meet minimum professional standards and that his failure prejudiced his client.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Applying the first prong of the test set forth in *Strickland*, the appropriate measure of counsel's performance is "reasonableness under prevailing professional norms." *Strickland,* 466 U.S. at 688.  When asserting a claim of ineffective assistance of counsel, a movant must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690.  When evaluating the objective reasonableness of counsel's performance, the court must evaluate counsel's performance "from counsel's perspective at the time

of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v.Morrison*, 477 U.S. 365, 381 (1986).

In the instant case, Webb relies upon his codefendants' direct appeal to support his claim that counsel was ineffective for failing to argue his actions did not constitute a crime of Extortion under the Hobbs Act. It appears the Sixth Circuit's analysis of this claim was a matter of first impression as such a claim was not previously adjudicated by the Sixth Circuit. *See Brock*, 501 F.3d at 769. Thus, at the time Webb entered his guilty plea and when he appealed his case, there was no Sixth Circuit case law establishing that a payor of a bribe to a state official could not conspire with that official in violation of the Hobbs Act.

In addition, this Court denied Webb's and his codefendants' motions to dismiss the superseding indictment. One of the arguments presented in Webb's motion to dismiss was the argument that the superseding indictment failed to charge a criminal offense under the Hobbs Act. Although Webb did not move to dismiss Count Two of the second superseding indictment, this Court concluded that extortion under color of law includes bribery of a public official and that a private person who pays a bribe to a public official can be prosecuted under 18 U.S.C. § 1951 for conspiracy to commit extortion under color of official right. Thus, even if counsel had raised this claim in relation to Count Two of the second superseding indictment, he would not have been successful. However, if counsel had raised it on direct appeal he obviously would have been successful.

If, arguably, this amounted to a deficient performance, such an attorney error affords Webb no relief because he is unable to demonstrate he suffered any prejudice as a result of counsel's failure to argue that bribery of a public official was not a violation of the Hobbs Act. This is so

because Webb's Hobbs Act conviction and sentence are being vacated. Thus, Webb has suffered no prejudice based on this conviction as it is being vacated and he has suffered no prejudice as a result of his incarceration because he remains incarcerated on his separate and distinct conviction for Distribution of Information relating to Destructive Devices.

In summary, although Webb can demonstrate his conviction would have been reversed on direct appeal, he cannot show prejudice from counsel's supposed error because this Court is vacating his conviction, because he must remain incarcerated on his other conviction, and because the time Webb has spent in jail would not have been reduced. According, this claim is without merit.

**V.      Correction of Sentence-Right to Be Present and Right of Allocution**

Although Webb does not challenge his sentence or conviction in criminal case 1:04-cr-186, the Court "is authorized under Section 2255 to take necessary and appropriate action to correct the entire sentence package in accordance with the comprehensive sentencing scheme embodied in the United States Sentencing Guidelines (USSG)." *United States v. Crowder*, 947 F.Supp. 1183, 1189 (E.D. Tenn. 1996), *aff'd* No. 96-6684, 1998 WL 57292 (1998). Therefore, the Court will "reevaluate the entire aggregate sentence to ensure that defendant receives the appropriate sentence on the remaining count, *i.e.*, the sentence the Court would have originally imposed on [Webb] on Count [Four] under the sentencing guidelines but for the presence of the now-vacated [Hobbs Act] conviction." *Id.*

Since there is no additional evidence, nor are there any disputed facts, there is no need for another sentencing hearing as part of the Section 2255 proceeding. Under Rule 32 of the Federal Rules of Criminal Procedure, Webb has already had an opportunity at the original sentencing hearing to challenge the accuracy and reliability of the information contained in the presentence

9

investigation report and to present any mitigating evidence. There is also no need to have Webb

present for this sentence correction. *See Pasquarille v. United States*, 130 F.3d 1220, 1223 (6th Cir.

1997) ("There is no constitutional right to allocution under the United States Constitution . . . [and

the] right to speak before the imposition of sentence under Fed.R.Crim.P. 32(c)(3)(C), applies to the

original sentence and not to the subsequent resentencing.") (citing to *Hill v. United States*, 368 U.S.

424, 428 (1962)). Thus, the Court will correct Webb's sentence without having him present. *See*

28 U.S.C. § 2255 ("If the court finds that the judgment . . . [is] open to collateral attack, . . . the court

shall vacate and set the judgment aside . . . and shall . . . resentence him . . . or correct the sentence

as may appear appropriate. A court may entertain and determine such motion without requiring the

production of the prisoner at the hearing."). Only considering the facts that were before it during

Webb's original sentencing, the Court corrects Webb's sentence in this § 2255 proceeding as

explained below.

## VI.     Recalculating the Sentence Guideline Range

Webb's § 2255 motion will be **GRANTED**; his Hobbs Act conviction, forty-eight month

sentence, three year term of supervised release, and $100.00 assessment under Count Two of the

second superseding indictment in case no. 1:04-cr-188 will be **VACATED and SET ASIDE** and

the Clerk will be **ORDERED** to reimburse Webb the $100.00 assessment he paid on this count.[5]

Webb begins with a base offense level of 12 under Count Four of his conviction for violating

18 U.S.C. §§ 842(p)(2)(A) & (B) and 844(a)(2) in criminal case number 1:04-cr-186. Webb did not

receive any reduction for acceptance of responsibility; thus, his adjusted offense level is 12. Taking

---

[5]     The Clerk's office notified the Court that Webb paid the $200 assessment in full
for cases  1:04-cr-186 and 1:04-cr-188.

into consideration that Webb's criminal history category is IV, the Court calculates the new sentencing guideline range on Count Four to be 21 to 27 months. After considering the entire record and for the reasons explained during Webb's original judgment proceedings (one of which is to afford adequate deterrence to criminal conduct) the Court concludes that a sentence above the guidelines is warranted and that the sentence on Count Four will be **AMENDED and CORRECTED to FORTY-TWO (42) MONTHS** of imprisonment which is, like his original sentence, fifteen months above the highest end of the guideline range. Webb's original three year term of supervised release on criminal case number 1:04-cr-186 will remain in effect as will his $100.00 assessment which has been paid in full. Webb is not entitled to be released from imprisonment at this time under the terms of the sentence on Count Four in criminal case number 1:04-cr-186 as corrected.

An appropriate judgment will enter.


_/s/ R. Allan Edgar_
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE